**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RODERICK WALKER, TRUSTEE, 220 HIGHLAND LAKE LAND TRUST, | :<br>:<br>:<br>: |
| Plaintiff, | : CIVIL ACTION NO.<br>: 1:12-CV-02911-RWS |
| v. | :<br>: |
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC. ASSET BACK PASS-THROUGH CERTIFICATION SERIES 2005 HE3, | :<br>:<br>:<br>:<br>:<br>: |
| Defendant, | : |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, COLLECTIVELY KNOWN AS MERS, A/K/A MERS, Inc., | :<br>:<br>:<br>: |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Plaintiff Roderick Walker, Trustee,

220 Highland Lake Land Trust's ("Plaintiff") Motion to Remand [10] and

Motion for Leave to File a Surreply[1] [12], and Defendants U.S. Bank National Association as Trustee for Citigroup Mortgage Loan Trust Inc. Asset Back Pass-Through Certification Series 2005 HE3 ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc., Collectively Known as MERS, A/K/A MERS, Inc.'s ("MERS") (collectively "Defendants") Motion to Dismiss [3]. After reviewing the record, the Court enters the following Order.

## Background[2]

This case arises out of the foreclosure sale of real property formerly owned by Tony R. Reese and Melissa R. Reese (the "Borrowers"), located at 220 Highland Lake Court, College Park, Georgia 30349 (the "Property"). (Pet. Wrongful Foreclosure, Punitive Damages, Jury Trial Demand ("Compl."), Dkt. [1-1] at 16 of 32.) Plaintiff is the trustee for the 220 Highland Lake Land Trust (the "Trust") "through power of Article 13-Trustees' Duties and Powers Part 2-Trustees' Powers § 53-12-261." (Id. at 12 of 32.)

---

[1] This motion is captioned "Motion Reply." (Dkt. [12].) In light of its content, the Court deems it to be a motion for leave to file a surreply and refers to it accordingly.

[2] As the case is before the Court on a motion to dismiss, the Court accepts as true the facts alleged by Plaintiff in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

2

On or about May 31, 2005, Borrowers executed a promissory note (the "Note") in favor of WMC Mortgage Corporation, obtaining a loan in the principal amount of $348,555.00 (the "Loan").  (Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mem."), Dkt. [3-1] Ex. A (Security Deed).)[3]  To secure repayment of the Loan, Borrowers also executed a security deed naming Defendant MERS as nominee for the lender WMC Mortgage Corporation and its successors and assigns.  (Defs.' Mem., Dkt. [3-1] Ex. A (Security Deed).)  The Security Deed was recorded at Deed Book 40208, Page 659, in the Fulton County, Georgia real estate records.  (Compl., Dkt. [1-1] at 18 of 32.)

On or about June 22, 2011, Defendant MERS assigned the Security Deed to Defendant U.S. Bank.  (Id.)  On or about July 19, 2011, the Assignment was filed and recorded at Deed Book 50226, Page 679, in the Fulton County, Georgia real estate records.  (Id.; Defs.' Mem., Dkt. [3-1] Ex. C (Assignment).)  Borrowers' Property was sold at a foreclosure sale on September 6, 2011.

---

[3] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed filed in the Superior Court of Fulton County, when considering a motion to dismiss.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1998).  This does not convert the motion into one for summary judgment.  Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . .  Public records are among the permissible facts that a district court may consider.") (citations omitted).

3

(Compl., Dkt. [1-1] at 12 of 32.)  Plaintiff does not dispute that Borrowers were in default under the terms of the Note and Security Deed.  However, "Plaintiff asserts that Defendants illegally conducted a wrongful foreclosure violating Georgia Foreclosure Laws."  (Id.)

On July 17, 2012, Plaintiff, acting pro se and as the trustee for the Trust, filed this suit in the Superior Court of Fulton County, Georgia, challenging the foreclosure of the Property and the Assignment of the Security Deed.[4]  (See generally Compl., Dkt. [1-1].)  Defendants removed the case from Superior Court of Fulton County to the Northern District of Georgia on August 22, 2012, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (Notice of Removal, Dkt. [1] at 2.)  Defendants then filed a Motion to Dismiss (Dkt. [3]), which motion is currently before the Court.  Subsequent to Defendants' motion, Plaintiff filed a Motion to Remand to State Court (Dkt. [10]) and a Motion for Leave to File a

---

[4] The Court notes that the Complaint, captioned "Petition Wrongful Foreclosure, Punitive Damages, Jury Trial Demand," is composed primarily of legal conclusions and largely incomprehensible factual assertions, making it difficult for the Court to identify which causes of action Plaintiff is seeking to assert.  (See generally Compl., Dkt. [1-1].)  Defendant reads the Complaint, as does the Court, as asserting the following claims: (1) wrongful foreclosure based on an allegedly invalid assignment, (2) fraud, (3) improper securitization, (4) doctrine of unclean hands, and (5) punitive damages.  (See generally Defs.' Mem., Dkt. [3-1] (identifying foregoing as causes of action asserted in Complaint).)

4

Surreply (Dkt. [12]) in opposition to Defendants' Motion to Dismiss, which motions are also before the Court.

**Discussion**

**I.     Plaintiff's Motion to Remand [10]**

As stated in the Background section, supra, Plaintiff filed a Motion to Remand this case, alleging that (1) Defendants have not shown diversity jurisdiction under 28 U.S.C. § 1332, (2) that there is no federal question jurisdiction under 28 U.S.C. § 1331, and (3) that subject matter jurisdiction is only proper in the state courts of Georgia.  (Mot. to Remand, Dkt. [10] ¶¶ 2-5.) Defendants contend that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332.  (Defs.' Resp. in Opp'n to Mot. to Remand, Dkt. [11] at 5-9.)

The Court agrees with Defendants that there is federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 such that removal to this Court was proper.  A defendant may remove from state court to federal court any civil action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  On a motion to remand, the proponent of federal jurisdiction has the burden of establishing original jurisdiction for the removal.  Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006). Removal is allowed "where original jurisdiction exists at the time of removal."

Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010) (internal quotes and citation omitted).  "[Federal] courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a).

With regard to the amount in controversy, the Court finds that there is more than $75,000 in controversy in this case.  Under Georgia law, where a party seeks to bar the right to foreclose, the value of the property determines the amount in controversy for purposes of diversity jurisdiction.  See Roper v. Saxon Mort. Servs., Inc., 1:09-CV-312-RWS, 2009 WL 1259193, at *6 (N.D. Ga. May 5, 2009) ("As Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake.").  Moreover, courts often look to the value of the loan as evidenced by the security deed to determine the amount in controversy in a foreclosure case.  See, e.g., Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311 (MTT), 2011 WL 5835925, at *2 (M.D. Ga. Nov. 21, 2011) ("[T]he security deed meets the amount-in-controversy requirement.").  Borrowers' Security Deed demonstrates that the value of the Loan was $348,555.00.  Plaintiff does not allege any specific facts or put forward any evidence to show that the amount in

6

controversy requirement is not satisfied. Accordingly, in light of the foregoing authority, the Court finds that the amount in controversy requirement is satisfied.

The Court also finds complete diversity of citizenship between the parties. Pursuant to 28 U.S.C. § 1332(a), diversity of citizenship exists where the parties are citizens of different states. Plaintiff is the trustee of the Trust located at 220 Highland Lake Court, College Park, Georgia 30349. (Compl., Dkt. [1-1] at 3.) Plaintiff does not dispute that he is a resident of Georgia. It is proper to "look . . . to the citizenship of the plaintiff trustee[ ] . . . to discern diversity of citizenship . . . for purposes of jurisdiction." Lee v. Navarro Sav. Ass'n, 597 F.2d 421, 425 (5th Cir. 1979).[5] Therefore, Plaintiff is a resident of the state of Georgia for purposes of diversity of citizenship.

Defendant U.S. Bank is a national bank with its main office in the state of Minnesota. "All national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. "[A]

---

[5] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

7

national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 303 (2006).  A national bank is "not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction." Id. at 318.  Defendant U.S. Bank's main office, as set forth in its articles of association, is located in the state of Minnesota.  Therefore, Defendant U.S. Bank is a citizen of the state of Minnesota for purposes of diversity of citizenship.

Defendant MERS is a corporation organized under the laws of the state of Delaware with a principal place of business in the state of Virginia.  "[A] corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." Id. (citing 28 U.S.C. § 1332(c)(1)).  Accordingly, Defendant MERS is a citizen of both the state of Delaware and the state of Virginia.  Because Plaintiff is a resident of the state of Georgia, Defendant U.S. Bank is a citizen of the state of Minnesota, and Defendant MERS is a citizen of the state of Delaware and Virginia, complete diversity of citizenship exists between Plaintiff and Defendants.

Finding that the amount in controversy in this case is greater than $75,000 and complete diversity of citizenship exists between the parties, the

Court finds that it has original jurisdiction pursuant to 28 U.S.C. § 1332(a). Therefore, Defendants' removal to this Court was proper.

Plaintiff also argues that this Court lacks jurisdiction because Defendants "do not ask this court a Federal question." (Mot. to Remand, Dkt. [10] ¶ 5.) This is immaterial. As stated immediately above, this Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Removal was proper on that basis.

Finally, Plaintiff's argument that subject matter jurisdiction is only proper in the superior courts of Georgia (Mot. to Remand, Dkt. [10] ¶¶ 2-3) is without merit. While the superior courts of Georgia may have subject matter jurisdiction over Plaintiff's claims, this Court has concurrent jurisdiction over Plaintiff's claims based on diversity jurisdiction. Therefore, Plaintiff's argument that Georgia courts have exclusive jurisdiction fails. Accordingly, removal was proper, and Plaintiff's Motion to Remand [10] is **DENIED**.

## II.     Plaintiff's Motion for Leave to File a Surreply [12]

Plaintiff moves the Court for leave to file a surreply in opposition to Defendants' Motion to Dismiss. "Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (citing

9

Byrom v. Delta Family Care-Disability & Survivorship Plan, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004)). "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." Garrison v. N.E. Ga. Med. Ctr., Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999). Rather, surreplies typically will be permitted only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review. Cf., e.g., Fedrick, 366 F. Supp. 2d at 1197 (stating "valid reason for . . . additional briefing exists . . . where the movant raises new arguments in its reply brief"). In this case, Defendants' reply brief directly addresses arguments raised by Plaintiff in its opposition to Defendants' motion to dismiss. Accordingly, a surreply is not warranted and Plaintiff's Motion for Leave to File a Surreply [12] is **DENIED**.

### III. Defendants' Motion to Dismiss [3]

Plaintiff's Complaint appears to assert the following claims: (1) wrongful foreclosure based on improper assignment, (2) fraud, (3) improper securitization, (4) doctrine of unclean hands, and (5) punitive damages. Defendants move to dismiss on several grounds, arguing (1) that Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata, (2) that

10

Plaintiff lacks standing to sue, and (3) that Plaintiff has failed to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). (See generally Defs.' Mem., Dkt. [3-1].) As explained below, the Court finds the Motion to Dismiss due to be **GRANTED** pursuant to Rule 12(b)(6). Accordingly, the Court sets out the legal standard governing a Rule 12(b)(6) motion to dismiss before considering the claims raised in the Complaint.

A. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). The court must also draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

11

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires factual allegations to "raise the right to relief above the speculative level." Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

However, because Plaintiff is acting pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tennenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

B.   Analysis

As a threshold matter, the Court notes that Plaintiff does not respond to Defendants' Motion to Dismiss with respect to Plaintiff's claims for fraud,

12

doctrine of unclean hands, and punitive damages.  Therefore, the Motion to Dismiss is deemed unopposed with respect to these claims.  See LR 7.1B, NDGa ("Failure to file a response shall indicate there is no opposition to the motion.").  Accordingly, for the reasons stated in their Memorandum of Law in Support of Motion to Dismiss, Defendants' Motion to Dismiss [3] is **GRANTED** with respect to Plaintiff's claims for fraud, doctrine of unclean hands, and punitive damages.  Utilizing the legal framework discussed in Part III.A., supra, the Court considers the remaining claims raised in the Complaint.

*1. Wrongful Foreclosure Based on Improper Assignment*

Plaintiff's claim for wrongful foreclosure appears to be entirely premised on the alleged invalidity of the Assignment.  (Compl., Dkt. [1-1] at 14-17 of 32.)  Defendants argue that this claim fails as a matter of law because Plaintiff has failed to allege the essential elements of a claim for wrongful foreclosure. (Defs.' Mem., Dkt. [3-1] at 11-12.)  Defendants further argue that this claim is due to be dismissed because "Plaintiff lacks standing to challenge the Assignment." (Id. at 12.)  The Court agrees with Defendants.

To state a claim for wrongful foreclosure, a claimant must allege the following elements: "a legal duty owed to it by the foreclosing party, a breach

13

of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Gregorakos v. Wells Fargo Nat'l Ass'n, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007) (internal quotes and citation omitted).  Plaintiff has failed to allege these essential elements, and thus his claim is due to be dismissed as a matter of law.  Moreover, as a stranger to the Assignment, Plaintiff lacks standing to challenge it.  See, e.g., Breus v. McGriff, 413 S.E.2d 538, 239 (Ga. Ct. App. 1991) ("[S]trangers to the assignment contract . . . have no standing to challenge its validity.").  Accordingly, Plaintiff's claim for wrongful foreclosure based on the alleged invalidity of the Assignment fails.  For these reasons, Plaintiff's claim for wrongful foreclosure is **DISMISSED**.

### 2.  *Improper Securitization*

Plaintiff also asserts a claim for relief based on the allegation that the Security Deed was improperly securitized.  (Compl., Dkt. [1-1] at 22 of 32.) Specifically, Plaintiff alleges that the securitization was a "violation[] of [the] Real Estate Mortgage Investment Conduit 'REMIC' pursuant to I.R.C. §860A-G [sic]."  (Id. at 12.)  Defendants argue that "Plaintiff fails to allege any facts to support a [securitization] claim . . . [and such claims] have been squarely rejected by this Court."  (Defs.' Mem., Dkt. [3-1] at 19.)

14

The Court agrees with Defendants and finds that Plaintiff's Complaint pleads insufficient facts to state a plausible claim for relief based on the securitization of the Security Deed.  Moreover, "the Court is unaware of any legal authority—and Plaintiff points to none—that supports the proposition that the securitization of a debt relieves the debtor of her obligation to repay." Montoya v. Branch Banking & Trust Co., No. 1:11-CV-01869-RWS, 2012 WL 826993, at *6 (N.D. Ga. Mar. 9, 2012).  As the Court stated in Searcy v. EMC Mortgage Corporation, "[w]hile it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligation with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."  No. 1:10-CV-0965-WBH, slip op. at 2 (N.D. Ga. Sept. 30, 2010).  The Court thus finds that Plaintiff's claim for improper securitization fails as a matter of law, and, accordingly, it is **DISMISSED**.  Because Plaintiff has failed to state any plausible claim for relief against Defendants, their Motion to Dismiss [3] is due to be **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [3] is **GRANTED**.  Plaintiff's Motion to Remand [10] and Motion for Leave to File a Surreply [12] are **DENIED**.  The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**SO ORDERED**, this   15th   day of March, 2013.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)