**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RODERICK WALKER, TRUSTEE, 220 HIGHLAND LAKE LAND TRUST<br><br>  Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC. ASSET BACK PASS- THROUGH CERTIFICATION SERIES 2005 HE3,<br><br>  Defendant,<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, COLLECTIVELY KNOWN AS MERS, A/K/A MERS, Inc,<br><br>  Defendant. | CIVIL ACTION NO.<br>1:12-CV-02911-RWS |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Amend Judgment and/or Motion for Reconsideration [78]. After reviewing the record,

the Court enters the following Order.

## Background

This case arises out of the foreclosure sale of real property formerly owned by Tony R. Reese and Melissa R. Reese (the "Borrowers"), located at 220 Highland Lake Court, College Park, Georgia 30349 (the "Property"). (Pet. Wrongful Foreclosure, Punitive Damages, Jury Trial Demand ("Compl."), Dkt. [1-1] at 16 of 32.) Plaintiff is the trustee for the 220 Highland Lake Land Trust (the "Trust").

On March 15, 2013, the Court granted Defendant's Motion to Dismiss finding that Plaintiff failed to state a claim for wrongful foreclosure or improper securitization and such claims must fail as a matter of law.  As to Plaintiff's Motion to Remand based on a challenge to federal subject matter jurisdiction, the Court found that this case sufficiently met the diversity and amount in controversy requirements. (Order dated March 15, 2013; Dkt. No. [15].)

Plaintiff now moves to vacate the Court's March 15, 2013, Order asserting improper due process of law and lack of subject matter jurisdiction. Based on the text of the Motion and Plaintiff's *pro se* status, the Court construes the Motion as a Motion for Reconsideration of the Court's Order   For the

2

reasons stated below, Plaintiff's Motion to Vacate Judgment, Lack of Subject Matter Jurisdiction [17] is **DENIED**.

## Discussion

### I.  Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259.  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the

3

court on how the court 'could have done it better' the first time." <u>Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), <u>aff'd</u>, 87 F.3d 1242 (11th Cir. 1996).

## II.   Analysis

As grounds for reconsideration, Plaintiff asserts the same arguments for wrongful foreclosure, improper securitization, and lack of jurisdiction presented in response to Defendant's Motion to Dismiss and in Plaintiff's Motion to Remand.  Further, in support of its motion, Plaintiff relies on case law that already existed at the time of briefing, <u>Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.</u>, 690 F.3d 1216 (11th Cir. 2012) ("<u>Hemispherx</u>").  Motions to amend and motions for reconsideration should not be used to make arguments that should have been made before judgment was entered.  <u>Lussier v. Dugger</u>, 904 F.2d 661, 667 (11th Cir. 1990); <u>Bryan v. Murphy</u>, 246 F.Supp.2d 1256, 1258-59 (N.D. Ga. 2003) ("[M]otions for reconsideration are not to be filed as a matter of course, but only when 'absolutely necessary'").  As such, Plaintiff fails to meet the standard for amendment or reconsideration of this Court's order.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Vacate Judgment, Lack of Subject Matter Jurisdiction [17] is **DENIED**.

**SO ORDERED**, this   11th   day of September, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE